ROBERT L. BLAND, Judge.
By his claim filed in this proceeding on September 13, 1941, Roy C. Babb seeks an award of $257.00 to reimburse him for the amount expended by him for hospital and dental bills on account of his daughter, Barbara Babb, a minor under the age of twenty-one years. It appears from his said claim that on July 27, 1938, claimant’s said daughter, Barbara Babb, was riding in a light mail truck, driven by J. J. Rader, on a state secondary dirt road, near Greenland, in Grant county ? West Virginia; that at a point approximately one-tenth of a mile east of Greenland said mail truck collided with a heavy lumber truck, driven by Ernest Rotruck; that said accident occurred at Greenland Gap at a point where there was a sharp curve in the road, where the overhanging bush and trees at or near the edge of the road, and on both sides of the road, obscured vision straight ahead; and, on account of such lack of visibility, neither the driver of the light mail truck nor the driver of the lumber truck could see the other approaching; that the trucks, respectively, were being driven at a speed of from ten to fifteen *113 miles per hour; that the mail truck in which claimant’s daughter was riding was on the inside of the curve in the road, and the lumber truck, loaded with gravel, was on the outside of the curve of the road, and that on account of said collision between said two trucks claimant’s said daughter, the said Barbara Babb, suffered personal injuries and loss of several teeth. It further appears from the record that on February 4, 1941, a bill was introduced in the House of Delegates of the Legislature of that year? being House Bill' No. 145, to provide for the authorization of the payment by the state road commission to said claimant of the said sum of $257.00. No action having been taken on said bill by the Legislature, the same was certified by the clerk of the House of Delegates to the court of claims. But, being required so to do by this court, claimant filed a new claim as above stated. The special assistant attorney general filed a general denial of liability of said claim on November 15, 1941. Said claim was placed upon the trial calendar of this court, at its regular October term, 1941, for hearing on November 17. When the calendar was called there was no appearance on the part of claimant in person or by counsel, although the court reporter was in attendance as were also witnesses summoned on behalf of the state, and no reason was assigned at that time for failure of claimant to appear and prosecute his said claim. Claimant was thereafter notified that said claim would not be placed upon the trial calendar for hearing until he should ask to have it fixed for hearing and be ready to proceed with proof in support of his claim, which he accordingly did. Said claim was then placed on the trial calendar for hearing on the 26th of February 1942, at a special term of this court held in the city of Wheeling, the county seat of Ohio county, for the convenience of the parties concerned. When said claim was reached on the calendar of the court at said special term the claimant did not appear in person or by counsel to prosecute his said claim, and the special assistant to the attorney general moved that said claim be dismissed for failure of prosecution after having been placed upon ihe court’s calendar for hearing upon two separate occasions. While it is the policy of the court of claims to give every claimant whose claim falls within the *114 ;prima facie jurisdiction of the court a full hearing upon its merits, when a claim is placed upon the court’s calendar for investigation and'hearing he will be required to appear and prosecute the same or show satisfactory reason for his failure so to do; and when a claim is twice placed upon the trial calendar for hearing and the claimant fails to appear and prosecute the same it will, on motion of the attorney general, be dismissed on condition that it may be reinstated provided such claimant shall show satisfactory cause to the court why such claim should be reinstated upon the court’s calendar for investigation and hearing, and such order was made in the instant case.